PEOPLE ex rel. VILLAGE OF PELHAM MANOR v. NEW ROCHELLE WATER CO.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

1. MANDAMUS—RETURN.

A separate statement of defense in the return to an alternative writ of mandamus, not being as broad as the writ, and not being expressly stated to be a partial defense, is not good.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 353.]

2. SAME.

An alternative writ of mandamus recited in detail the franchise and contract under which it was claimed that respondent water company was legally obliged to lay water mains, place hydrants, and supply water in relator village, and respondent's refusal in certain particulars to comply therewith in each of said particulars. Held, that a separate statement of defense in the return, alleging a clause of the ordinance and contract which prescribed certain deductions for neglect to supply mains, hydrants, and water, and then arguing that the effect thereof was respondent was not obliged to supply the same, but might as an alternative submit to the deductions, was not good; the allegation not being that by the terms of the contract respondent was exempt, and whether or not it was being dependent on a construction of the entire contract, and not on any single part of it.

3. WATERS—WATER COMPANIES—DUTY TO SUPPLY VILLAGE.

A water company is bound to comply with its duty under its franchise and contract to furnish water for a village, though its supply of water is from a source other than that originally contemplated.

4. MANDAMUS—RETURN.

A demurrer is properly sustained to a separate statement of defense in the return to an alternative writ of mandamus; no new matter being contained in it, but all that it embraces being embraced in the issues raised by the denials.

Appeal from Special Term, Kings County.

Mandamus, on the relation of the village of Pelham Manor, against the New Rochelle Water Company. From a judgment overruling the

demurrer to certain separate statements or defenses of the return to the alternative writ, and sustaining it to others, both parties appeal. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry G. K. Heath, for relator.

Edwin T. Rice, for respondent.

GAYNOR, J. The alternative writ recites in detail the franchise and contract under which it is claimed that the respondent is under legal obligation to lay water mains, place hydrants, and supply water in the village of Pelham Manor, the relator, and its refusal in certain particulars to comply therewith in each of the said particulars. The 11th subdivision of the return alleges in hæc verba a clause of the "ordinance and contract," which prescribes certain deductions of rent for neglect to supply mains, hydrants, and water, and then argues that the effect thereof is that the respondent is not obliged to supply the same, but may as an alternative submit to such deductions. The allegation is not that by the terms of the contract the respondent is exempt, and whether it is or not depends on a construction of the entire contract, and not upon any fragment of it. This statement of facts or defence is therefore insufficient on its face. The plea must be as broad as the writ, unless it be expressly stated to be partial. The same is the case with the allegations of the twelfth subdivision. The thirteenth only relates to the placing of hydrants, and is therefore also only a partial statement or defence, and not being so designated is not good. The fourteenth only relates to mains and is in the same case. The fifteenth is a mere argument. And if the company has a supply from any source it does not matter that it is not from the source originally contemplated; it must do its public duty. The sixteenth does not contain any new matter at all. All that it embraces is embraced in the issues raised by the denials, or that can be raised by denials. The same is true of the seventeenth, eighteenth, and nineteenth.

This case cannot be disposed of on technicalities. The relator should refrain from captiousness and bring it on for trial, so that all of the franchises, ordinances, contracts and other facts may be put before the court. Judgment cannot be given on mere fragments.

The interlocutory judgment is reversed in the respects in which it overrules the demurrer to any of the said statements or defences, and affirmed in other respects; and the demurrer is sustained to each thereof.

Interlocutory judgment modified, by sustaining the demurrer to the separate defenses in respect of which the demurrer was overruled in the court below, and, as modified, affirmed, with costs to the relator. All concur.